

**John A. Little, Jr.**
DIRECT 205.254.1190
EMAIL  jlittle@maynardcooper.com

November 21, 2022

**VIA CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

      Re:    *Cherri Walker v. Life Insurance Company of North America*,
               Case No.: 21-12493
               **Response to Citation of Supplemental Authority**

Dear Mr. Smith:

      Pursuant to Federal Rule of Appellate Procedure 28(j), Life Insurance Company of North America provides the following response to Appellant's Citation to Supplemental Authorities.

      Appellant's Citation to Supplemental Authorities quotes extensively from *Blackburn v. Shire US Inc.*, 18 F.4th 1310 (11th Cir. 2021), a case decided almost a year ago. The case does not set forth a rule to "follow" in this appeal as Appellant suggests. Rather, it provides an example of a proper use of the certification procedure. As the Court noted, it certified a question to ask the Supreme Court of Alabama to address whether a certain claim was "viable." *Blackburn v. Shire U.S., Inc.*, No. 20-12258, 2022 WL 16729466, at *1 (11th Cir. Nov. 7, 2022). Certifying a question regarding whether a claim was "viable" was consistent with the Alabama Rules of Appellate Procedure, which permit certification of questions that "are determinative of said cause." Ala. R. of App. P. 18. Here, by contrast, and as explained more fully in Appellee's Response Brief,[1] the availability of mental anguish damages is not determinative of either the case or the breach of contract claim.

      Further, federal courts may certify questions when "there are no clear controlling precedents in the decisions of the Supreme Court [of Alabama]." *Blackburn*, 18 F.4th at 1322 (quoting ALA. R. APP. P. 18(a)). But the Supreme Court of Alabama has already addressed the question on which Appellant seeks certification in *Sanford v. W. Life Ins. Co.*, 368 So. 2d 260 (Ala. 1979). The Court, therefore, should not certify any question to the Alabama Supreme Court.

                                                                Sincerely,

                                                                 */s/ John Little*

                                                                 John A. Little

---

[1] Appellee Brief at 30.